THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| HDR HOLDING, INC., *et al.*[1] | Case No.: 19-11396 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 22, 2019 at 3:00 p.m. (ET)<br>Objection Deadline: October 15, 2019 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) CONVERTING THEIR CHAPTER 11 CASES TO CASES UNDER
CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL
CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion"), pursuant to section 1112(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) converting both of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, effective as of the entry of the Proposed Order (the "Conversion Date"), (ii) establishing a deadline for filing final chapter 11 fee applications and setting a hearing thereon, and (iii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: HDR Holding, Inc. (2015) and Schramm, Inc. (0480). The Debtors' mailing address is 800 E. Virginia Ave., West Chester, PA 19380.

25214827.4

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 1112(a) of the Bankruptcy Code, Bankruptcy Rule 1017(f), and Local Rule 2002-1.

**BACKGROUND**

3. On June 24, 2019, each of the Debtors commenced a voluntary case under the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 9, 2019, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. No request has been made for the appointment of a trustee or examiner.

4. On August 7, 2019, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Superpriority Financing (II) Authorizing the Debtors Limited Use of Cash Collateral (III) Granting Adequate Protection to the Prepetition Secured Parties and (IV) Granting Related Relief* [Docket No. 164] (the "DIP Financing Order").

5. On September 17, 2019, the Court entered the *Order: (A) Authorizing the Sale of All of the Schramm Inc. Debtors Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Schramm Inc. Debtors Performance Under the Stalking Horse Purchase Agreement, (C) Approving the Assumption and Assignment of Certain of the Schramm Inc. Debtors Executory Contracts and Unexpired Leases Related Thereto and (D) Granting Related Relief* [Docket No. 208] (the "Sale Order").

6. Pursuant to the terms of the DIP Financing Order and Sale Order, the Purchaser (as defined below) agreed to fund the administrative expenses of the Chapter 11 Cases through and including a sale. As set forth on the DIP Budget, the expenses agreed to be funded included, among other things, (i) enumerated operational expenses, (ii) the payment of fees pursuant to 28 U.S.C. § 1930 (the "U.S. Trustee Fees"), (iii) budgeted for fees and expenses of professionals retained in the Chapter 11 Cases (the "Professional Fees and Expenses") and (iii) $200,000 upon conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, which funds the Purchaser has agreed shall be available to the chapter 7 trustee for the administration of the converted estates.

7. The sale to Schramm II Inc. (the "Stalking Horse Bidder" or "Purchaser") closed on [October 2, 2019]. In accordance with the provisions of the Sale Order and the Stalking Horse Purchase Agreement, the Purchaser has agreed to assume additional liabilities, including the legal fees and expenses of the DIP Lender.

8. Consistent with the Sale Order, the DIP Lender has funded and the Debtors have on hand, cash in the amounts set forth in the DIP Budget, for purposes of funding the obligations incurred during the Chapter 11 Cases that remain owed by the Debtors and were not assumed by the Purchaser under the Sale Order, as well as $200,000 on account of "Estate Wind-Down

Expenses," as set forth in the DIP Budget to fund the process of winding down the Debtors' affairs. The Debtor has remitted to the Purchaser all of remaining cash on hand in excess of the amounts set forth in the DIP Budget which is a Purchased Asset (as defined in the Stalking Horse Purchase Agreement), as required by the Sale Order.

9. Now that the sale has closed, consistent with the DIP Financing Order and Sale Order, the Debtors have liquidated the collateral. The Debtors have no further sources of financing, have no sources of additional funds other than the potential proceeds of retained litigation, and lack the ability to fund ongoing administrative expenses that may be incurred after the closing of the sale. Therefore, the Debtors submit that converting the Chapter 11 Cases to cases under chapter 7 at this time is warranted and necessary.

10. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Craig Mayman in Support of Chapter 11 Petitions and First-Day Motions* [Docket No. 2] (the "First Day Declaration").

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of the Proposed Order, pursuant to section 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), (i) converting the Debtors' Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code effective as of the Conversion Date, (ii) establishing a deadline for filing final chapter 11 professional fee applications and setting a date for a hearing thereon, and (iii) granting related relief.

## BASIS FOR RELIEF

12. Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to chapter 7 as a matter of right. *See* H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter

25214827.4

4

11 case in which the debtor remains in possession to a liquidation case"); S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same); *see also Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) ("[A] debtor has the absolute right to convert [its] Chapter 11 case to a Chapter 7 case"). There are only three circumstances where a debtor is precluded from exercising that right: (i) the debtor is not a debtor in possession; (ii) the case was originally commenced as an involuntary case under chapter 11; or (iii) the case was converted to a case under chapter 11 other than at the debtor's request. 11 U.S.C. § 1112(a). None of those exceptions is applicable in these Chapter 11 Cases. Therefore, the Debtors are entitled, as an absolute right, to convert the Chapter 11 Cases to cases under chapter 7.

13. Conversion of these Chapter 11 Cases to cases under chapter 7 is in the best interests of the Debtors' estates and creditors. Simply put, the Debtors no longer have funding to administer these Chapter 11 Cases, and therefore, conversion is in the best interests of the Debtors' estates and creditors. Although there may be estate assets in the form of certain causes of action that the Purchaser did not acquire that may be liquidated in order to satisfy certain creditor claims, without an ability to fund ongoing administrative expenses, the Debtors cannot pursue the recovery of those assets or prosecute a chapter 11 plan. Accordingly, as it is uncertain at best that the Debtors could confirm and consummate a chapter 11 plan, the Debtors respectfully submit that a chapter 7 trustee will be able to efficiently and effectively bring these cases to their conclusion.

14. The Debtors further request that the Court establish a deadline of thirty (30) days after the Conversion Date for professionals to file their final fee applications and statements (the "Final Fee Bar Date"). This will enable the Debtors' estates to definitively determine the final amounts owed to professionals for chapter 11 expenses to be paid from the amounts

25214827.4

5

retained under the DIP Budget. The Debtors also request that the Court establish a hearing date (the "Fee Hearing") to consider approval of final fee applications, at the Court's earliest convenience subsequent to the Final Fee Bar Date.

## NOTICE

15. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Committee; (c) counsel to the Debtors' pre-petition and post-petition lenders; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of Delaware; and (f) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that, the Court enter the Proposed Order (i) converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; (ii) establishing a deadline for filing final chapter 11 fee applications and setting a hearing thereon, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: October 4, 2019
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
Pauline K. Morgan (Bar No. 3650)
Sean T. Greecher (Bar No. 4484)
Joseph M. Mulvihill (Bar No. 6061)
Jared W. Kochenash (Bar No. 6557)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*