## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HDR HOLDING, INC., *et al.*,[1] | Case No. 19-11396 (MFW) |
| Debtors. | (Jointly Administered) |

### APPELLANTS' REQUEST FOR CERTIFICATION FOR DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

The appellants the Official Committee of Unsecured Creditors (the "Committee") of HDR Holding, Inc. and Schramm, Inc. (collectively the "Debtors") and DNOW L.P. ("DNOW" and collectively with the Committee, the "Movants"), by and through their respective undersigned counsel, hereby submit this request for certification (this "Request") of direct appeal to the United States Court of Appeals for the Third Circuit (the "Third Circuit") of the *Order: (A) Authorizing the Sale of All of the Schramm Inc. Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Schramm Inc. Debtor's Performance Under the Stalking Horse Purchase Agreement, (C) Approving the Assumption and Assignment of Certain of the Schramm Inc. Debtor's Executory Contracts and Unexpired Leases Related Thereto and (D) Granting Related Relief* (the "Sale Order") (Docket No. 208).[2]  In support of this Request, the Movants state as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  HDR Holding, Inc. (2015) and Schramm, Inc. (0480).  The Debtors' mailing address is 800 E. Virginia Ave., West Chester, PA 19380.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order. A true and correct copy of the Sale Order is attached hereto as **Exhibit A**.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are 28 U.S.C. § 158(d)(2) and Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## **<u>BACKGROUND</u>**

4.      On June 24, 2019 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On July 9, 2019, the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102(a).

6.      On September 6, 2019, the Committee filed the *Preliminary Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for an Order Approving the Sale of Substantially all of the Debtors' Assets* (the "<u>Committee Sale Objection</u>") (Docket No. 194).

7.      Also on September 6, 2019, DNOW filed *DNOW L.P.'s (I) Objection to Debtors' Motion to Sell Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and (II) Joinder in the Creditors' Committee Objection to the Sale Motion* (the "<u>DNOW Sale Objection</u>" and collectively with the Committee Sale Objection, the "<u>Sale Objections</u>") (Docket No. 193).

8.      The Sale Order was entered on September 17, 2019.

9.      In entering the Sale Order, the Court approved, among other things, the sale of the Avoidance Actions to the Purchaser over the Sale Objections lodged by the Committee and DNOW.

10.     On September 27, 2019, the Committee timely filed an appeal of the Sale Order (the "<u>Committee Appeal</u>") (Docket No. 225).

#55567947 v3

11.     The Committee Appeal was docketed in the United States District Court for the District of Delaware (the "District Court") on September 30, 2019 at Civil Action No. 19-1825 (MN).  *See* Docket 229.

12.     On October 4, 2019, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Converting Their Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications, and (III) Granting Related Relief* (the "Motion to Convert") (Docket No. 234).

13.     The Motion to Convert therefore was filed *after* the Committee Appeal had been docketed in the District Court.

14.     On October 15, 2019, the Committee filed its *Objection to the Motion to Convert* (the "Committee Objection") (Docket No. 253).

15.     On October 11, 2019, the Committee filed the *Appellant Designation of Items For Inclusion in Record On Appeal and Statement of Issues for Appeal* (the "Committee Designation") (Docket No. 247).  As more fully set forth in the Committee Designation, the Committee appeals, among other things, approval of the sale of the Avoidance Actions to the Purchaser.[3]

16.     On October 11, 2019, DNOW timely filed an appeal of the Sale Order (the "DNOW Appeal" and collectively with the Committee Appeal, the "Appeals") (Docket No. 245).

17.     The DNOW Appeal was docketed in the District Court on October 15, 2019 at Civil Action No. 19- 01946 (MN).  *See* Docket 251.

---

[3] DNOW will also timely file its *Appellant Designation of Items For Inclusion in Record On Appeal and Statement of Issues for Appeal*, pursuant to which it intends to identify substantially similar issues on appeal as set forth in the Committee Designation.

#55567947 v3

18.    On October 15, 2019, DNOW filed its *Objection to the Motion to Convert* (the "DNOW Objection") (Docket No. 252).

## RELIEF REUQESTED

19.    Through this Request, the Movants seek certification of direct Appeals to the Third Circuit.

## BASIS FOR  RELIEF REQEUSTED

20.    Motions for direct appeal to the court of appeals are governed by 28 U.S.C. §158(d)(2) and Bankruptcy Rule 8006. *Wilmington Tr. Co. v. Tribune Media Co. (In re Tribune Media Co.)*, 2016 U.S. Dist. LEXIS 48672 at *5-7 (D. Del. Apr. 12, 2016).

21.    Although the docketing of the Appeals in the District Court divests this Court of jurisdiction to take any action which might impair or impede the Appeals, this Request for direct appeal is properly considered by this Court.  *See* Bankruptcy Rules 8006(b) and 8006(d).  The Notes of Advisory Committee on 2014 Amendments to Bankruptcy Rule 8006 make clear that the Request is to be determined by this Court.[4]

22.    As recognized by the Third Circuit, the "desire for clarity and uniformity led Congress to enact 28 U.S.C. § 158(d)(2)[.]" *One2One Communs., LLC v. Quad/Graphics, Inc.*, 805 F.3d 428, 447 n.15 (3d Cir. 2015).  "The twin purposes of the provision [28 U.S.C. §

---

[4] The Notes provide:

> Subdivision (b) provides that a certification must be filed in the court where the matter is pending, as determined by this subdivision.  This provision modifies the former rule.  Because of the prompt docketing of appeals in the district court or BAP under Rules 8003 and 8004, a matter is deemed—for purposes of this rule only—to remain pending in the bankruptcy court for 30 days after the effective date of the notice of appeal.  This provision will in appropriate cases give the bankruptcy judge, who will be familiar with the matter being appealed, an opportunity to decide whether certification for direct review is appropriate.  Similarly, subdivision (d) provides that only the court where the matter is then pending according to subdivision (b) may make a certification on its own motion or on the request of one or more parties.

#55567947 v3

158(d)(2)] were to expedite appeals in significant cases and to generate binding appellate

precedent in bankruptcy, whose caselaw has been plagued by indeterminacy." *Id.*; *see also*

*Weber v. United States Tr.*, 484 F.3d 154, 158 (2d Cir. 2007) ("The House Report … emphasized

that 'decisions rendered by a district court as well as a bankruptcy appellate panel are generally

not binding and lack *stare decisis* value.'" (citing H.R. Rep. No. 109-31, at 148 (2005); see also

H.R. Rep. No. 107-3, Prt. 1, at 112 (2001) (same)).

23.     In furtherance of the goals of clarity and uniformity, certification is **<u>mandatory</u>**

under section 158(d)(2) when, among other reasons, "the judgment, order, or decree involves a

question of law as to which there is no controlling decision of the court of appeals for the circuit

or of the Supreme Court of the United States …." *Tribune Media Co.*, 2016 U.S. Dist. LEXIS

48672 at *7 (quoting 28 U.S.C. § 158(d)(2)(A)(i)).

24.     A "controlling decision" of the Third Circuit for the purposes of §158(d)(2)(A)(i)

is one that admits of no ambiguity in resolving the issue. *Id.*; *Stanziale v. Car-Ber Testing, Inc.*

*(In re Conex Holdings, LLC)*, 534 B.R. 606 (D. Del. 2015) (citing *In re Goody's Family*

*Clothing, Inc.*, 2009 U.S. Dist. LEXIS 67011 (D. Del. Jul. 30, 2009)).

25.     As set forth in the Sale Objections, there is no controlling decision of the Third

Circuit or the Supreme Court on the issue of whether avoidance actions are property of a debtor's

estate, or whether such claims or a trustee's right to pursue avoidance actions can be sold if

documented and presented for sale correctly.  As stated succinctly by the court in *Pursuit*

*Capital*:  "the Third Circuit **<u>has not</u>** determined whether avoidance actions are property of the

estate or whether such claims or a trustee's right to pursue avoidance actions can be sold."

*Claridge Assocs. LLC v. Schepis (In re Pursuit Capital Management, LLC)*, 595 B.R. 631, 656

(Bankr. D. Del. 2018) (emphasis added) (citing *Official Comm. of Unsecured Creditors of*

*Cybergenics Corp. v. Chinery (In re Cybergenics Corp.*), 226 F.3d 237, 246 n.16 (3d Cir. 2000) (in which Third Circuit did not decide issue, but, in dicta, posited that if property of the estate were at issue, the Court would not change its conclusion)); *see also Pursuit Capital Mgmt. Fund I, L.P. v. Burtch (In re Pursuit Capital Mgmt., LLC)*, 874 F.3d 124, 134 (3d Cir. 2017) (in dismissing as moot an appeal regarding whether avoidance actions are property of the estate and the trustee's ability to sell those actions, the Third Circuit noted that the merits of the issue presented did not have an "obvious answer").

26.      Through the Appeals, the Movants appeal, among other things, the sale of the Avoidance Actions to the Purchaser over the Sale Objections lodged by the Committee and DNOW.   The Appeals therefore involve a question of law as to which there is no controlling decision of the Third Circuit or of the Supreme Court and certification is mandated.  *In re Tribune Media Co.*, 2016 U.S. Dist. LEXIS 48672, at *9; *see also In re IMMC Corp.*, 2016 U.S. Dist. LEXIS 10039, 2016 WL 356026, at *4-6 (D. Del. Jan. 28, 2016) (certifying appeal where there was a question of law with no controlling precedent); *Troisio v. Erickson (In re IMMC Corp.)*, 2016 U.S. Dist. LEXIS 10039, at *17 (D. Del. Jan. 28, 2016).

[*remainder of page intentionally left blank*]

Case 19-11396-MFW    Doc 262    Filed 10/21/19    Page 7 of 7

## CONCLUSION

WHEREFORE, Movants request that this Court (i) enter an order granting the Request and (ii) granting such other and further relief to the Movants that the Court deems necessary and proper.

October 21, 2019                                              Respectfully submitted,
Wilmington, Delaware

| | |
|---|---|
| Pepper Hamilton LLP | Ashby & Geddes, P.A. |
| <br>/s/ *Donald J. Detweiler*<br>Donald J. Detweiler (DE 3087)<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br>Email: detweilerd@pepperlaw.com<br><br>and<br><br>Francis J. Lawall, Esquire<br>3000 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, PA 19103-2799<br>Telephone:     (215) 981-4451<br>Facsimile:     (215) 981-4750<br>Email:        lawallf@pepperlaw.com<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors* | <br>/s/ *Michael D. DeBaecke*<br>Michael D. DeBaecke (DE #3186)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19801<br>Telephone:  302-654-1888<br>Facsimile:  302-654-2067<br>Email:  mdebaecke@ashbygeddes.com<br><br>*Attorneys for DNOW L.P.* |

-7-

#55567947 v3